STATE OF MINNESOTA ex rel. REALTY COMPANY v. CLAYTON R. COOLEY, County Auditor.[1]

Oct. 2, 1895.

Nos. 9336—(79).

**Exemption from Taxation—Market House.**

The language found in section 3 of article 9 of the state constitution, whereby it is provided that "public property used exclusively for any public purpose" shall, by general laws, be exempted from taxation, and the legislation on the subject (G. S. 1894, § 1512), cannot be construed as authorizing the exemption of real property owned and leased by a private party who receives and retains all revenues derived from such leasing, although, under a contract with the owners, the authorities of the municipality in which the property is situated have ordained that such property shall be a public market house or place, and shall be exempt from taxation, and it is thereafter exclusively used for such public purpose, the authorities regulating the business to the extent necessary for the public welfare.

Information in the district court for Hennepin county for a writ of mandamus to compel respondent, county auditor of Hennepin county, to place on the tax books and assess certain property. An alternative writ of mandamus issued, respondent answered, and the matter was heard by the court, Jamison, J., on motion of relator for a peremptory writ of mandamus notwithstanding the answer. From an order granting relator's motion and directing that a peremptory writ issue, respondent appealed. Affirmed.

*Wilson & Van Derlip* and *C. E. Vanderburgh*, for appellant.

The market was a public market, established and regulated by municipal authority, and exclusively used for public purposes. 1 Dillon, Mun. Corp. § 380 (313); Tiedeman, Mun. Corp. § 128. That the Market Company was entitled to collect rents and charges is only matter of administration, and is immaterial. Ramsey Co. v. Stryker, 52 Minn. 144, 53 N. W. 1133. The practical construc-

[1] Reported in 64 N. W. 379.

tion heretofore adopted brings the statute exempting public markets within Const. art. 9, § 3, and is entitled to consideration. Ames v. Lake Superior & M. R. Co., 21 Minn. 289; Cooley, Const. Lim. 67; State v. Mayhew, 2 Gill, 487; Harrison v. State, 22 Md. 468; Boyden v. Brookline, 8 Vt. 284; Rogers v. Goodwin, 2 Mass. 475; Packard v. Richardson, 17 Mass. 122; Stuart v. Laird, 1 Cranch, 299. Similar ordinances establishing market houses devoted to public use have been upheld. Harney v. City of St. Louis, 90 Mo. 214, 2 S. W. 271; Le Claire v. Davenport, 13 Iowa, 212; City of Palestine v. Barnes, 50 Tex. 538.

*Ripley & Brennan*, for respondent.

There can be no exemption not provided for in the constitution. Le Duc v. City of Hastings, 39 Minn. 110, 38 N. W. 803. The words "public market houses" as used in the statutes must be held to mean markets owned by the public and used for public purposes. County of Hennepin v. Brotherhood of Gethsemane, 27 Minn. 460, 8 N. W. 595; County of Hennepin v. Bell, 43 Minn. 344, 45 N. W. 615; Humphries v. Little Sisters of the Poor, 29 Ohio St. 201; Essex Co. v. Salem, 153 Mass. 141, 26 N. E. 431; Dartmouth College v. Woodward, 4 Wheat. 518, 666. A market at common law is a mere franchise, an incorporeal hereditament, and is not public property, but is the subject of private ownership. Curwen v. Salkeld, 3 East, 538; King v. Cotterill, 1 Barn. & Ald. 67; Dixon v. Robinson, 3 Mod. 107; 2 Black. Com. 37; 3 Kent, Com. § 458; 5 Comyn's Digest, 41. In the absence of legislation, market property is subject to taxation. Roberts v. Aylesbury, 17 Jur. 236; 1 El. & Bl. 423; King v. Mosley, 3 D. & R. 385; 2 B. & C. 226; Allegheny Co. v. McKeesport Market, 123 Pa. St. 164, 16 Atl. 619. The property of a railroad company is not exempt. Cooley, Tax'n (2d Ed.) 89; 25 Am. & Eng. Enc. Law, 170; Burlington & M. R. R. Co. v. Spearman, 12 Iowa, 112; Illinois Cent. R. Co. v. County of McLean, 17 Ill. 291; City of Ludlow v. Trustees of Cincinnati So. Ry., 78 Ky. 357. Nor are water-works exempt, when owned by private corporations. Appeal of Des Moines Water Co., 48 Iowa, 324; Athens Water-Works Co. v. Mayor of Athens, 74 Ga. 413; Cartersville Water Co. v. Mayor, 89 Ga. 689, 16 S. E. 70. Nor are gas companies exempt. Newport Light Co. v. City of New-

port (Ky. Court of Appeals, Nov., 1892) 20 S. W. 434. Nor are public markets owned by individuals exempt. Heirs of David v. New Orleans, 16 La. Ann. 404; New Orleans v. Guillotte, 14 La. Ann. 875; David v. Municipality, 14 La. Ann. 872.

COLLINS, J. This is an appeal from an order directing the issuance of a peremptory writ of mandamus to the respondent county auditor, requiring and compelling him to enter upon the assessment books for taxation certain real property in the city of Minneapolis.

There is no dispute over the facts. The real estate in question is owned by the Minneapolis Central City Market Company, a corporation organized and existing under the provisions of G. S. 1894, § 2794, for the purpose of conducting a wholesale and retail market in said city. It has not been assessed for taxation for several years, because of the provisions of a certain ordinance passed by the city council in the year 1892, and a contract entered into between the city and the market company. This ordinance and the contract provided for the immediate erection of a market house upon the land in question by the company, and the latter agreed, and was given a franchise, to maintain a market house and place on such premises, to be used exclusively as a public market, for the period of 25 years. The ordinance also provided that for such period of time the entire premises should be exempt from taxation.

It is contended in behalf of the company that, notwithstanding the private ownership of this property, it was and remains exempt from taxation because it has been established as a public market house and place, regulated and controlled by municipal authority, used exclusively by the public as a market house, and thus clearly within the language of the exemption statute (Id. § 1512), which, by its eighth subdivision, exempts from taxation "all public market houses, public squares or other public grounds, town or township houses or halls, used exclusively for public purposes."

We must concede at the outset that under the terms and provisions of the ordinance the market house and the ground used in connection therewith are as public as if built and owned by the city itself as a market house and place. The statute which we have quoted was designed to harmonize with a clause in article 9, § 3, of our con-

stitution, and of course it cannot be construed so as to enlarge its operation, and exempt property not clearly contemplated by the fundamental law.   Section 3 reads as follows: "Laws shall be passed taxing all moneys, credits, investments in bonds, stocks, joint stock companies or otherwise;  and also all real and personal property according to its true value in money;  but public burying grounds, public school houses, public hospitals, academies, colleges, universities, and all seminaries of learning, all churches, church property used for religious purposes, and houses of worship, institutions of purely public charity, public property used exclusively for any public purpose and personal property to an amount not exceeding in value two hundred dollars for each individual, shall by general laws be exempt from taxation."   The particular clause to which we have adverted is that which authorizes the exemption of "public property used exclusively for any public purpose" from taxation, and it is really this language which we are to construe and apply.

The trial court seems to have taken the position that, in order to have the benefit of the exemption clause, the property must be owned by the public;  and, further, that it must be exclusively used for a public purpose.   We think this interpretation altogether too literal and radical, for, if this construction must prevail, not only must the ownership be in the public, but the property itself must be actually and exclusively used for some public purpose.   Under this view, this immunity from taxation would be taken away from all property having public ownership while it was unused, or while any part of it was used for private purposes under the supervision of the public authorities and by their consent.   Nor are we convinced that the exemption might not be as to property owned by private parties under certain conditions.   To so construe the constitution would be to compel the owners of property used exclusively by the public with the owners' consent, and from which the latter derived no benefit, pecuniary or otherwise, to pay taxes upon the same, or the payment of such taxes would have to be made directly out of the public funds.   These suggestions indicate that a reasonable and practical construction must be placed upon the exemption clauses.

In the case at bar, the facts are that a private corporation has been organized for the specified purpose of erecting a building upon its own land, and in that building, and in the adjoining streets, fur-

nishing a market place.    Through the ordinance and the contract it
has secured a franchise for the conducting of the business for the
period of 25 years, and it has also had this place of business declared
a public market.    We are not to suppose that in making this in-
vestment and furnishing a place for the transaction of such a busi-
ness the company has undertaken and is carrying out an enterprise
purely philanthropic, or that the business is not expected to prove
fairly remunerative.    While the maximum fees and rates for stand-
ing room for vehicles in the abutting streets are prescribed by the
ordinance, the stalls in the building are annually rented to the high-
est bidders at public auction, and all fees and rentals are the prop-
erty of the market company.    The city, as a municipality, receives
no benefit therefrom, nor do its inhabitants, save in the way of inci-
dental conveniences.    And instead of being used for a public pur-
pose exclusively, with all that the term implies, the erection of the
market house and the prosecution of the business there to be trans-
acted will in all probability prove very profitable to the corporation
before the expiration of its franchise, while the city is benefited in
no other way than it is at the present time.

Clearly, the exemption clause in the constitution was never de-
signed to cover such a case.    If it was, the legislature could amend
the present statute so as to exempt from taxation street car, water,
gas, and electric light companies, and a variety of private enter-
prises organized and operated for pecuniary gain, but owned by the
public in the same general sense, serving the public, and devoted to
or used for public purposes, quite as exclusively as is the property
in question.  We are sure that an amendment to the tax law through
which such an exemption was attempted would at once be pro-
nounced unconstitutional.    No rule can be formulated by which to
determine what is "public property used exclusively" for a "public
purpose," within the meaning of the clause in section 3, article 9.  But
the language there used cannot be construed as authorizing the ex-
emption from taxation of real property owned and leased by a private
party, who receives and retains all revenues derived from such leas-
ing, although, under a contract with the owners, the authorities of
the municipality in which the property is situated have ordained
that such property shall be a public market house or place, and it is
thereafter exclusively used for such public purpose, the authorities

regulating the business to the extent necessary for the public welfare. The statute (G. S. 1894, § 1512) which exempts "all public market houses" from taxation must be read and construed in connection with the fundamental law which authorized its passage. Our conclusion is that the court below correctly ordered the issuance of a peremptory writ of mandamus.

Order affirmed.